**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Adrian and Maria M. Adrian, | No. CV 12-00189-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Federal National Mortgage Association; MTC Financial Inc. dba Trustee Corps, | |
| Defendants. | |

We have before us defendant MTC Financial Inc.'s motion to dismiss (doc. 6), to which plaintiffs did not respond. We also have before us defendant Federal National Mortgage Association's ("Fannie Mae") motion to dismiss with prejudice pursuant to Rule 12(b)(6) (doc. 9), plaintiffs' response (doc. 13), and defendant's reply (doc. 15).

**I**

Under LRCiv 7.2(i), "non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." Because plaintiffs failed to respond to defendant MTC Financial Inc.'s motion to dismiss, we dispose of this motion summarily and grant MTC Financial Inc.'s motion.

**II**

Plaintiffs' first amended complaint alleges wrongful foreclosure, intentional infliction of emotional distress, and fraud. "Arizona state courts have not yet recognized a wrongful

foreclosure cause of action." Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1043 (9th Cir. 2011). In states that do recognize such claims, they are typically "premised on allegations that the borrower was not in default, or on procedural issues that resulted in damages to the borrower." Id.; see also Schrock v. Fed. Nat. Mortg. Ass'n, No. CV 11-0567-PHX-JAT, 2011 WL 3348227, at *8 (D. Ariz. Aug. 3, 2011) (plaintiffs stated a claim under Georgia and Nevada standards because, inter alia, they claimed they made timely payments on a modified loan and so were not in default before sale); Herring v. Countrywide Home Loans, Inc., No. CV 06-2622-PHX-PGR, 2007 WL 2051394, at *6 (D. Ariz. July 13, 2007) (granting summary judgment to plaintiff who cured default before trustee's sale). However, the plaintiffs do not dispute that they defaulted on their mortgage payments before their house was sold. As a result, even if we were to recognize such a claim, plaintiffs have not stated a claim for wrongful foreclosure.

**III**

Plaintiffs appear to allege that breach of the covenant of good faith and fair dealing and promissory estoppel are bases for the tort of wrongful foreclosure, rather than separate causes of action. If they were meant to be claims on their own, plaintiffs fail to state a claim upon which relief can be granted.

The duty of good faith and fair dealing arises out of a contract. Without a contract, parties are not subject to this duty. Plaintiffs' complaint is full of vague and conclusory allegations, fails to allege which contract forms the basis of this claim, and fails to allege any facts related to defendant Fannie Mae. The specific actions purportedly underlying this claim are simply attributed to Defendants. And in plaintiffs' response, they claim to "have established in their complaint that Defendant OneWest Bank breached this implied covenant." (Doc. 13 at 8). There is no allegation that defendant Fannie Mae breached its covenant of good faith and fair dealing. Simply acquiring the property at the trustee's sale does not make Fannie Mae automatically liable for any breach committed by OneWest.

Plaintiffs' allegations relating to promissory estoppel suffer from the same flaw. Defendant OneWest is specifically named in this subpart but Fannie Mae never is. (Doc. 17

1 ¶¶ 49-53). Acquiring the property does not make Fannie Mae liable for a promise made by
2 OneWest. Without a promise, plaintiffs have no claim for promissory estoppel against
3 Fannie Mae.

## IV

5 Plaintiffs' next claim for relief alleges intentional infliction of emotional distress. To
6 prevail on this claim, the conduct complained of must be "extreme and outrageous." Watts
7 v. Golden Age Nursing Home, 127 Ariz. 255, 258, 619 P.2d 1032, 1035 (1980). Liability
8 only attaches to conduct "so outrageous in character, and so extreme in degree, as to go
9 beyond all possible bounds of decency, and to be regarded as atrocious, and utterly
10 intolerable in a civilized community." Id. (quoting Restatement (Second) of Torts § 46 cmt.
11 d (1965)). On a motion to dismiss, we may determine whether the alleged actions rise to this
12 level. Cervantes, 656 F.3d at 1046. Once again, plaintiffs' complaint fails to allege any
13 specific actions by defendant Fannie Mae which support this claim. The conduct complained
14 of here – delay of a loan modification and forcing plaintiffs to default to begin the
15 modification process – does not rise to the level of extreme and outrageous. See id.
16 (targeting vulnerable homeowner plaintiffs for loans that defendants knew plaintiffs could
17 not afford was not extreme and outrageous).

## V

19 Finally, plaintiffs contend that defendants committed fraud. This claim suffers from
20 the deficiency noted in the previous three claims: no allegations are made regarding
21 defendant Fannie Mae. Additionally, a claim for fraud must be pled with particularity. Rule
22 9(b), Fed. R. Civ. P. Particularity means "the pleader must state the time, place, and specific
23 content of the false representations as well as the identities of the parties to the
24 misrepresentation." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401
25 (9th Cir. 1986). Plaintiffs' complaint does not contain any particular allegations regarding
26 the circumstances of the alleged fraud.

## VI

28 **IT IS ORDERED GRANTING** defendant MTC Financial Inc.'s motion to dismiss

- 3 -

1  (doc. 6).

2  **IT IS FURTHER ORDERED GRANTING** defendant Fannie Mae's motion to
3  dismiss (doc. 9).

4  DATED this 29th day of March, 2012.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge