**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Adrian and Maria M. Adrian, | No. CV 12-00189-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| Federal National Mortgage Association, MTC Financial Inc., and OneWest Bank, F.S.B., | |
| Defendants. | |

We have before us defendant OneWest Bank, F.S.B.'s ("OneWest") motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) (doc. 23), plaintiffs' response (doc. 25), and defendant's reply (doc. 27).

On October 8, 2007, plaintiffs executed a note for $384,000 to purchase a house in Surprise, Arizona. The loan was secured by a deed of trust to the property. Plaintiffs defaulted on their loan payments in December 2010. On January 24, 2011, the original lender assigned its interests under the deed of trust to defendant. Plaintiffs began loan modification discussions with defendant in January 2011. A notice of trustee's sale was recorded February 16, 2011 and the sale occurred July 28, 2011. The trustee's deed upon sale was recorded September 6, 2011. Plaintiffs filed their first amended complaint December 29, 2011. Defendants removed January 26, 2012. Plaintiffs allege claims for wrongful foreclosure, intentional infliction of emotional distress, and fraud.

To survive a motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., a complaint must contain "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009). Dismissal under Rule 12(b)(6) may be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

"Arizona state courts have not yet recognized a wrongful foreclosure cause of action." Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1043 (9th Cir. 2011). In states that do recognize such claims, they are typically "premised on allegations that the borrower was not in default, or on procedural issues that resulted in damages to the borrower." Id.; see also Schrock v. Fed. Nat. Mortg. Ass'n, No. CV 11-0567-PHX-JAT, 2011 WL 3348227, at *8 (D. Ariz. Aug. 3, 2011) (plaintiffs stated a claim under Georgia and Nevada standards because, inter alia, they claimed they made timely payments on a modified loan and so were not in default before sale); Herring v. Countrywide Home Loans, Inc., No. CV 06-2622-PHX-PGR, 2007 WL 2051394, at *6 (D. Ariz. July 13, 2007) (granting summary judgment to plaintiff who cured default before trustee's sale). However, the plaintiffs do not dispute that they defaulted on their mortgage payments before their house was sold and they failed to cure the default. As a result, even if we were to recognize such a cause of action, plaintiffs have not stated a claim for wrongful foreclosure.

To prevail on a claim for intentional infliction of emotional distress, the conduct complained of must be "extreme and outrageous." Watts v. Golden Age Nursing Home, 127 Ariz. 255, 258, 619 P.2d 1032, 1035 (1980). Liability only attaches to conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. (quoting Restatement (Second) of Torts § 46 cmt. d (1965)). On a motion to dismiss, we

1 may determine whether the alleged actions rise to this level. Cervantes, 656 F.3d at 1046.
2 Plaintiffs plead that defendant delayed the loan modification process and failed to consider
3 modification until plaintiffs were in default. This conduct is not extreme and outrageous.
4 See id. (targeting vulnerable homeowner plaintiffs for loans that defendants knew plaintiffs
5 could not afford was not extreme and outrageous).

6     A claim for fraud must be pled with particularity. Rule 9(b), Fed. R. Civ. P.
7 Particularity means "the pleader must state the time, place, and specific content of the false
8 representations as well as the identities of the parties to the misrepresentation." Schreiber
9 Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986). Plaintiffs'
10 complaint does not contain any particular allegations regarding the circumstances of the
11 alleged fraud.

12     **IT IS ORDERED GRANTING** defendant's motion to dismiss (doc. 23). All the
13 claims of all the parties having now been resolved, the clerk shall enter final judgment.

14     DATED this 26th day of April, 2012.

                                         *Frederick J. Martone*
                                         Frederick J. Martone
                                        United States District Judge