**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Adrian; Maria M. Adrian, ) | No. CV-12-0189-PHX-FJM |
| ) | |
| Plaintiffs, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Federal National Mortgage Association, et ) | |
| al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

We have before us plaintiffs' motion for protective order (doc. 51), defendant One West Bank's (the "Bank") response (doc. 52), and plaintiffs' reply (doc. 53).

Plaintiffs filed this action against One West Bank and others, contending that the Bank wrongfully and fraudulently induced plaintiffs to default on their mortgage, ultimately causing the Bank's foreclosure of and plaintiffs' eviction from their primary residence. Plaintiff Anthony Adrian now seeks a protective order precluding his live deposition testimony and instead limiting his testimony to responding in writing to written questions. Adrian contends that he suffers from "post-traumatic stress disorder" and "aggravated suicidal emotions" related to the loss of his residence such that he is unable to testify at a live deposition. Motion at 2. He seeks damages in this lawsuit for these alleged injuries.

A prohibition against the taking of a party's deposition is a very unusual procedure

1  and is rarely granted. A party seeking a protective order altogether barring the taking of a
2  deposition bears a heavy burden to demonstrate good cause for such an extraordinary order.
3    In support of his request, plaintiff submits an unauthenticated letter from an individual
4  whom he incorrectly identifies as "Dr. Marie Walker." Ms. Walker is not a doctor, but
5  instead is a nurse practitioner. Ms. Walker's two sentence letter provides only that Adrian
6  is "currently under treatment for Post Traumatic Stress Disorder and Major Depression" and
7  his "condition prevents him from undergoing the type of stressors typically endured during
8  a live deposition." Motion, Ex. A. In his reply, Adrian supplements this showing with a
9  second letter from the same nurse practitioner summarily concluding that because of his
10 symptoms he cannot work for two years. Reply, Ex. A. Ms. Walker provides no basis for
11 her opinion, does not describe her relationship with Adrian, or her qualifications for making
12 such an opinion. These conclusory statements do not constitute the specific and documented
13 factual showing required to demonstrate that the taking of Adrian's deposition would pose
14 a danger to his health, particularly in light of the fact that his condition did not prevent him
15 from participating in a June 18, 2014 settlement conference.
16   We conclude that Adrian has failed to satisfy his heavy burden of demonstrating good
17 cause to support an order prohibiting his live deposition.
18   **IT IS ORDERED DENYING** the motion for protective order (doc. 51).
19   DATED this 5th day of August, 2014.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge