**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Adrian; Maria M. Adrian, | No. CV-12-0189-PHX-FJM |
| Plaintiffs, | **ORDER** |
| vs. | |
| OneWest Bank, | |
| Defendant. | |

**I.**

On October 8, 2007, plaintiffs executed a promissory note in the amount of $384,000 secured by a deed of trust on their property located in Surprise, Arizona. On January 24, 2011, the beneficial interest in the deed of trust was assigned to defendant OneWest Bank (the "Bank"). Plaintiffs defaulted on their loan payments in December 2010 and a notice of trustee's sale was recorded on February 16, 2011, setting a sale date of May 18, 2011. Plaintiffs began loan modification discussions with the Bank in late 2010, and submitted their application for a loan modification under the Home Affordable Mortgage Program ("HAMP") on March 8, 2011. The Bank requested additional financial documents in April and May 2011, each time notifying plaintiffs:

> Your loan has an upcoming scheduled foreclosure sale date. If you would like to be considered for HAMP, a complete application must be received by [the Bank] no later than midnight on the seventh day prior to the scheduled

> foreclosure sale date. This condition will vary by state and investor type, and [the Bank] may not be able to stop foreclosure sale [sic] if the foreclosure process has already been initiated in all cases. The application must include the following to be considered for a loan modification and temporarily suspend the foreclosure sale date if necessary:
>
> [list of required documents]
>
> If the above documents are not received by midnight on the seventh day prior to your scheduled foreclosure sale date, your modification may be denied and your loan will proceed to foreclosure.

(Doc. 66-1, ex. 5). At the same time, however, a letter from the Bank dated April 8, 2011, gave plaintiffs what appear to be conflicting assurances, that "[d]uring the HAMP evaluation, the subject property for which the application has been received will not be referred to foreclosure or be sold at foreclosure sale if the foreclosure process has already been initiated." Id. at 21.

Then, on May 10, 2011, the Bank sent plaintiffs a letter stating that they would not receive a loan modification, not because they were found to be ineligible, or because they failed to provide the required financial documents, but "due to an imminent foreclosure sale of the property." (Doc. 66-1, ex. 6).

Plaintiffs filed a Chapter 7 bankruptcy petition on May 18, 2011, the same day set for the trustee's sale. The Bank subsequently obtained relief from the bankruptcy stay allowing it to foreclose on the property. The sale occurred on July 28, 2011. Plaintiffs then filed this action, asserting claims for wrongful foreclosure, intentional infliction of emotional distress, and fraud.

We granted the Bank's motion to dismiss for failure to state a claim, and plaintiffs appealed. The United States Court of Appeals for the Ninth Circuit affirmed the dismissal of the wrongful foreclosure and intentional infliction of emotional distress claims, and reversed and remanded the fraud claim, concluding that plaintiffs should be granted leave to amend.

On remand, plaintiffs filed an amended complaint, this time asserting claims for negligent performance of an undertaking and fraud. The gravamen of both claims is plaintiffs' allegation that the Bank informed them they must default on their mortgage before

- 2 -

1  the Bank would consider a loan modification. Once plaintiffs defaulted, and notwithstanding
2  the Bank's assurances that plaintiffs were not at risk of foreclosure, plaintiffs' property was
3  sold at a trustee's sale. Plaintiffs claim they relied on the Bank's statements and lost their
4  primary residence as a result. They contend they were financially sound throughout late
5  2010 and early 2011 and would not have defaulted on their mortgage but for the Bank's
6  wrongful representations.

7  We now have before us the Bank's motion for summary judgment (doc. 63),
8  plaintiffs' response (doc. 69), and the Bank's reply (doc. 73).

## II.

10  On a motion for summary judgment, the moving party has the burden of showing the
11  absence of any genuine issue of material fact. Once this prima facie showing is made, the
12  burden shifts to the party opposing the motion to present evidence that establishes a genuine
13  issue of material fact to justify a trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24, 106
14  S. Ct. 2548, 2553 (1986). The nonmoving party must "designate specific facts showing that
15  there is a genuine issue for trial." Id. at 324, 106 S. Ct. at 2553. A genuine issue exists only
16  if "the evidence is such that a reasonable jury could return a verdict for the nonmoving
17  party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).
18  "If the evidence is merely colorable, or is not sufficiently probative, summary judgment may
19  be granted." Id. at 249-50, 106 S. Ct. at 2511 (citations omitted). On the other hand, "[a]ny
20  doubt as to the existence of a genuine issue for trial should be resolved against the moving
21  party." Adickes v. S.H. Dress & Co., 398 U.S. 144, 158-59, 90 S. Ct. 1598, 1608-09 (1970).

## III.

23  Plaintiffs assert claims of fraudulent misrepresentation and negligent performance of
24  an undertaking. To prevail on a claim for fraudulent misrepresentation, plaintiffs must show
25  by clear and convincing evidence (1) a false, material representation; (2) made with the
26  speaker's knowledge of its falsity or ignorance of its truth; (3) the speaker's intent that it be
27  acted upon by the listener; (4) the hearer's ignorance of its falsity; (5) the hearer's reliance
28  on its truth; (6) the hearer's right to rely on its truth; and (7) a resulting and proximate injury.

1 Echols v. Beauty Built Homes, Inc., 132 Ariz. 498, 500, 647 P.2d 629, 631 (1982); Comerica
2 Bank v. Mahmoodi, 224 Ariz. 289, 291, 229 P.2d 1031, 1033 (Ct. App. 2010). "Each
3 element must be supported by sufficient evidence. Fraud may never be established by
4 doubtful, vague, speculative, or inconclusive evidence." Echols, 132 Ariz. at 500, 647 P.2d
5 at 631 (quotation omitted). "In order that a representation constitute actionable fraud, it must
6 relate to either a past or existing fact. It cannot be predicated on unfulfilled promises,
7 expressions of intention or statements concerning future events unless such were made with
8 the present intention not to perform." Staheli v. Kauffman, 122 Ariz. 380, 383, 595 P.2d
9 172, 175 (1979).

10 The Arizona Court of Appeals recently applied the negligent performance of an
11 undertaking claim, also called the Good Samaritan Doctrine, in the context of a mortgage
12 case. In Steinberger v. McVey ex rel. Cnty. of Maricopa, 234 Ariz. 125, 138, 318 P.3d 419,
13 432 (Ct. App. 2014), the court held that a claim for negligent performance of an undertaking
14 is established by showing (1) a lender induces a borrower to default on his loan by promising
15 a loan modification if he defaults; (2) the borrower, in reliance on the promise to modify the
16 loan, subsequently defaults; (3) after the borrower defaults, the lender negligently processes
17 or fails to process the loan modification, or due to the lender's negligence, the borrower is
18 not granted a modification; and (4) based on the default, the lender forecloses on the
19 borrower's property.

20 Plaintiffs contend that on many occasions from September 2010 through December
21 2010, the Bank falsely and negligently instructed them that a loan modification was not
22 available unless plaintiffs first defaulted on their mortgage for a period of at least 3 months.
23 The Bank denies this claim. The Bank also rejects plaintiffs' assertion that they were
24 financially sound and capable of making their mortgage payments, and would not have
25 defaulted but for the Bank's misrepresentation.

26 Plaintiffs' evidence is thin. They do not identify the individuals who made the
27 misrepresentations, identifying them only as "John Does." Plaintiffs' only evidence of the
28 Bank's misrepresentation is Anthony Adrian's statement that unnamed individuals instructed

1 him to default on his mortgage. Nevertheless, Mr. Adrian may testify at trial regarding his
2 conversations with these John Does pursuant to Rule 801(d)(2)(D), Fed. R. Evid., as
3 statements by made by a party's agent or employee on a matter within the scope of that
4 relationship. According to plaintiffs, these unnamed individuals identified themselves as
5 Bank employees and spoke to plaintiffs concerning their loan with the Bank.[1] This
6 sufficiently identifies these individuals as the Bank's agents for purposes of Rule
7 801(d)(2)(D). It will be up to a jury to decide whether Bank employees told plaintiffs they
8 must default in order to be considered for a loan modification, and if made, whether that
9 statement was false.

10 A factual issue also exists as to whether plaintiffs justifiably relied on the Bank's
11 instruction to default. Plaintiffs claim that at all times they were ready, willing and able to
12 make their mortgage payments, but defaulted only because the Bank instructed them to do
13 so. Plaintiffs intend to prove their justifiable reliance based on evidence of their financial
14 ability and willingness to satisfy their loan obligations during the relevant time frame.
15 Whether plaintiffs had the resources to meet their loan obligations is also an issue for a jury
16 to decide.

17 Additionally, plaintiffs assert that the Bank repeatedly assured them that,
18 notwithstanding that a trustee's sale was scheduled, they were not at risk of foreclosure while
19 the modification process was continuing. The Bank's own letter provides evidence of this
20 material fact. (Doc. 66-1, ex. 5 at 21).

21 These are but a few examples of material issues of fact remaining for trial. "If there
22 is any evidence in the record from any source from which a reasonable inference in the
23 [nonmoving party's] favor may be drawn, the moving party simply cannot obtain a summary
24 judgment." Celotex Corp., 477 U.S. at 330 n.2, 106 S. Ct. at 2556 n.2 (citation omitted).
25 Because genuine issues of material facts exist,

---

[1] Many institutional employees do not give their full names on the phone. Excluding their statements would encourage such practices and unfairly reward institutions.

- 5 -

**IT IS ORDERED DENYING** the Bank's motion for summary judgment (doc. 63).

DATED this 6th day of February, 2015.

*Frederick J. Martone*
Frederick J. Martone
Senior United States District Judge